IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: _____

| | |
|---|---|
| THE COLONY CLUB AT LANDFALL HOMEOWNERS' ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Palomar Specialty Insurance Company ("Defendant" or "Palomar") hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina. A copy of this Notice is being filed with the Clerk of the Superior Court of New Hanover County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Palomar states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1. On or about June 21, 2021, Plaintiff, The Colony Club at Landfall Homeowners' Association, Inc. ("Colony Club" or "Plaintiff") filed a complaint against the Defendant in the Superior Court of New Hanover County, North Carolina (the "Complaint" or "Plaintiff's Complaint"). The Complaint was assigned case no. 21-CVS-2374 (the "State Court Action"). On July 2, Plaintiff served the North Carolina Department of Insurance with a copy of the Complaint. *See Exhibit A, Plaintiff's Complaint and correspondence from C. Ethridge.* The North Carolina Department of

1

Insurance forwarded the Complaint to Palomar on July 9, 2021 and Palomar was actually served with the Complaint on July 15, 2021. *See, Exhibit A.*

2. Plaintiff's two-count Complaint alleges that Palomar issued an insurance policy to Plaintiff, numbered CPARP-19-1000133-00 (the "Policy"); such Policy provided certain insurance coverage to Plaintiff's property, a residential, multi-family complex located at 1700-1753 Signature Place in Wilmington, North Carolina (the "Property"); and that following a weather event on September 9, 2019, which Plaintiff alleged caused damage to the Property, Plaintiff submitted an insurance claim to Palomar which Palomar denied. *See Complaint, ¶¶ 1, 8, and 13. See also Exhibit B, a copy of the Policy.*

3. Plaintiff's Complaint alleges the following two Counts:

- Count I is for Breach of Contract and seeks actual damages, as well as consequential damages, due to Palomar's Claim decision. *Id., ¶¶ 32-43.*

- Count II is for Unfair and Deceptive Trade Practices and seeks actual and consequential damages, plus treble damages and attorneys' fees. *Id., ¶¶ 44-53.*

4. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Palomar now removes this matter to this Court based upon diversity jurisdiction.

**JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332**

5. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ...." *Id.* Here, both criteria are met.

## I. Complete Diversity of Citizenship Exists

6. According to the Complaint, Plaintiff is a North Carolina non-profit corporation with property located in Wilmington, North Carolina. *Id., ¶ 2; see also Exhibit C*, a copy of Plaintiff's North Carolina Secretary of State company profile.

7. Palomar is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in La Jolla, California. *Id., ¶ 3; see also Exhibit D*, Palomar's NAIC company profile.

8. Given that Plaintiff and Defendant are the only Parties to this Action and are citizens of different States, complete diversity exists between the Parties.

## II. The Amount in Controversy Exceeds $75,000.00

9. As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiff's First Cause of Action seeks "the full amount of [Plaintiff's] actual damages . . ." *See supra.*

11. Plaintiff's Second Cause of Action seeks actual and consequential damages, as well as treble damages, and attorneys' fees. *Id., ¶¶ 51-53.*

12. Prior to filing the instant Complaint, on June 17, 2020, Plaintiff presented a Sworn Statement in Proof of Loss seeking $4,867,912.37 in insurance proceeds, after reducing its damage by the Policy's $147,113.39 deductible. *See Sworn Statement in Proof of Loss, attached hereto as Exhibit E.*

13. Here, even without including treble damages or attorneys' fees, Plaintiff's claimed damages total $4,867,912.37. Thus, the "amount in controversy" requirement, like the "complete diversity" requirement, is clearly met.

## **LEGAL ARGUMENT**

14. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

15. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

16. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of New Hanover County, North Carolina.

17. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as *Exhibits F* and *G*, respectively.

18. This Notice of Removal is not a waiver of Palomar's defenses, including but not limited to its right to contest venue, nor should it be understood or construed as a waiver of any defense Palomar may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Palomar Specialty Insurance Company, requests that the above-captioned Action be removed from the Superior Court of New Hanover

County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

BUTLER WEIHMULLER KATZ CRAIG LLP

_/s/ L. Andrew Watson___
L. Andrew Watson
NC Bar No. 41812
Roman C. Harper
NC Bar No. 53995
11605 N. Community House Road, Suite 150
Charlotte, NC 28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: awatson@butler.legal
rharper@butler.legal
*Attorneys for Defendant Palomar Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2021 the foregoing **NOTICE OF REMOVAL** was duly served by placing the same, postage paid, in the United States Mail addressed to the following persons, as well as filing the same with the above-captioned Court via ECF Pacer.

| | |
|---|---|
| H. Forest Horne<br>Martin & Jones, PLLC<br>4140 Parklake Avenue, Suite 400<br>Raleigh, NC 27612<br>*Attorney for Plaintiff* | Richard D. Daly<br>James W. Willis<br>Daly & Black, P.C.<br>2211 Norfolk Street, Suite 800<br>Houston, TX 77098<br>*Attorneys for Plaintiff* |

/s/ L. Andrew Watson__
L. Andrew Watson